denial of the fact that he had not applied the money to the purposes designated, and that he was answerable therefor. It is stated upon the argument of this appeal that the defendant could show that he had applied the money in the manner required by the terms under which he had received it. But no evidence of this kind was offered, and if the defendant was able to establish this application of the moneys received by him it was incumbent upon him so to do. The court seems to have been of the opinion that the evidence did not establish the fact that the defendant held this money in a fiduciary capacity, having no title thereto himself, and was bound to apply it in accordance with the terms of his trust. It is undoubtedly true that the evidence failed to establish any such relation between the company and the defendant. But the existence of such a relation had been admitted by the pleadings, and it was not necessary under such circumstances to establish it by proof. We are of the opinion, therefore, that the learned court erred in dismissing the complaint, and that the defendant should have been put upon his proof to establish the application of the money in the manner in which he was under obligation to apply it. The judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event. Follett and Parker, JJ., concurred.

Sarah B. Tucker and Another, Plaintiffs, v. Metropolitan Elevated Railway Company, Defendant. — Motion ·for reargument denied, with ten dollars costs.

Stephen G. Condit, Appellant, v. Charles Wahlig and Others, Respondents. — Judgment affirmed, with costs. No opinion.

John Mahon, Respondent, v. Mary Tracy and Others, Appellants. — Judgment affirmed, with costs, on opinion of Special Term.

Edward Rouget, Respondent, v. Theodore Haight and Others, Appellants.—Judgment affirmed as to Theodore Haight, with costs and disbursements, and the judgment against Ellen J. H. Haight modified by deducting therefrom $2,000 and interest, and, as so modified, affirmed, with costs and disbursements to her.—

O'BRIEN, J.: This action was brought to recover the sum of $7,250, upon an agreement dated July 9, 1887, which provided that a sum of money not to exceed $10,000 should be advanced to the defendant Theodore Haight by the plaintiff; that such sums so advanced were, upon the death of plaintiff and his wife, to become the property of the defendant Theodore Haight, provided that during the lives of plaintiff and his wife interest was paid at the rate of fifteen per cent per annum. On failure, however, of Haight to pay interest, then the whole sum was to become due, and the defendant Ellen J. H. Haight agreed to repay such advances. Plaintiff claims to have advanced the amount sued for, and that, the interest being unpaid, the whole sum claimed to have been advanced has become due. Upon the trial it appeared that of the $7,250 the sum of $2,000 was advanced before the making of the agreement, and that at the various times when advances were made promissory notes were given, payable on demand, instead of receipts. The notes having been surrendered upon the trial, the court submitted the question of the amount of indebtedness, and in effect directed a verdict for the full amount and interest against both defendants. We shall treat the case then as though the verdict was directed. As regards the defendant Theodore Haight, we think the verdict was right; for though, upon the other evidence in the case, a question might have been presented as to whether the moneys were advanced under the agreement or upon

the promissory notes, this was set at rest by the testimony as to the manner in which the notes were given and the purpose for which they were received, and by the evidence of the defendant Theodore Haight, who admitted the receipt of the $7,250, which he stated he was to invest under the agreement, the money to be his in the end, and that no part of such sum was repaid. His express admission, together with the other evidence in the case, was conclusive upon the liability of the defendant Theodore Haight, and removed any doubt that might otherwise exist as to whether the moneys were advanced on the notes or under the agreement. A different question, however, arises as to the liability of the defendant Ellen J. H. Haight in regard to the $2,000 which was concededly given to her husband, Theodore, prior to the making of the agreement. It is not claimed that any of the money was advanced to Mrs. Haight, her status being that of a guarantor under the agreement, by the terms of which she was to repay such advances of money as might be made to her husband, only in case her husband should die before the plaintiff and his wife, or upon failure to pay interest. It was not made to appear that when she signed the agreement she knew of any prior advances, nor is there anything in the language of the agreement itself which binds her to repay past loans. In the absence of such testimony, and considering the language of the agreement itself, which in express terms refers to advances thereafter from time to time to be made, we are furnished with no good reasons upon which her liability for past advances can be predicated. No motion for a new trial was made, nor was any order entered denying such a motion, nor any appeal taken therefrom, and though we are thus confined to a consideration of questions of law, the question as to Mrs. Haight's liability is directly raised by the exception taken to the refusal of the court to charge the jury or to hold that, in order to render her liable, the money must have been advanced under or pursuant to the agreement. As the evidence stood, therefore, at the close of the trial, we think it was the duty of the court, while directing a verdict against the husband for the full amount, to have deducted from the amount chargeable against the wife the $2,000 which had been given to the husband prior to the making of the agreement, and for which, by the terms thereof, she was not liable. The judgment as to Theodore Haight should accordingly be affirmed, with costs and disbursements and the judgment against Ellen J. H. Haight modified by deducting therefrom $2,000 and interest, and, as so modified, affirmed, with costs and disbursements to her. Follett and Parker, JJ., concurred.

Hewlett Scudder and Others, Appellants, v. The Mayor, etc., of the City of New York, Respondent. — Judgment affirmed, with costs.—

PER CURIAM: This suit is brought to restrain the sale of certain real property in the city of New York, owned by plaintiffs, for an unpaid assessment for a local improvement. The complaint was dismissed upon the grounds: First, that the assessment was void upon its face; and, second, that the remedy by injunction has been taken away by statute. The facts appearing bring this case clearly within the authorities of Sixth Avenue R. R. Co. v. The Mayor (63 Hun, 271) and People ex rel. Consolidated Gas Co. v. Myers (65 id. 14), which are decisions of this court, and, therefore, controlling. It was suggested upon the argument that these cases were questioned or overruled by some later decisions in the Court of Appeals, and reference was made to the case of People ex rel. Martin v. Myers